830 P.2d 520

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Delmer A. HOWARD, Defendant–Appellant.**

**No. 19080.**

Supreme Court of Idaho, Boise, March 1992 Term.

May 5, 1992.

Dan J. Rude, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Idaho Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

REINHARDT, District Judge Pro Tem.

Defendant Delmer A. Howard appeals the sentence imposed by the trial court following a plea of guilty to vehicular manslaughter, in violation of I.C. § 18–4006(3). Defendant claims that the portion of the sentence purporting to suspend his driving privileges is not authorized by statute and is hence illegal. We agree.

The trial court sentenced the defendant to three and one half to seven years "for violation of 18–4006 3.(a)(b)." The court also ordered that upon his release from

custody the defendant would have his driving privileges suspended for a period of five years.

The authorized punishment for a violation of I.C. § 18–4006(3) is set forth in I.C. § 18–4007(3)(a), and provides in pertinent part as follows:

> For a violation of Section 18–4006 3.(a) or (b), Idaho Code, by a fine of not more than seven thousand dollars ($7,000), or by a sentence to the custody of the State Board of Correction not exceeding seven (7) years, or by both such fine and imprisonment.

■ A reading of the sentencing provisions set forth above makes it clear that a court-imposed license suspension for a violation of I.C. § 18–4006(3) is unauthorized and hence "illegal." [1]

The State asserts that even if the suspension provision of the sentence is "illegal," the defendant, who failed to file a Rule 35 motion prior to this appeal, should not be permitted to challenge the same in that he failed to give the trial court the opportunity to consider the legality of the suspension.

■ I.C.R. 35 permits the trial court to correct an illegal sentence at any time, upon the motion of the prosecution or the defense. *State v. Martin*, 119 Idaho 577, 578, 808 P.2d 1322, 1324 (1991). However, as contended by the State, the issue of "illegality" may not be raised for the first time on appeal without the trial court having first had an opportunity to consider the legality of the terms of the sentence. *State v. Martin*, 119 Idaho at 578–79, 808 P.2d at 1323–24.

■ The minutes of the sentencing hearing reflect the following notation: "18–4006 I.C. veh manslaughter does not include suspension of license."

At the sentencing hearing the propriety of a license suspension was raised by the defense and the court commented as follows:

---

1. It should be noted, however, that under the provisions of I.C. § 49–325(1), the Idaho Transportation Department has the authority to *re-* *voke* the driving privileges of an individual convicted of I.C. § 18–4006(3).

As this Court noted, both when I told you about the maximum penalty for this crime, and as your attorney has very competently commented on it today, the power of this Court to suspend your driving privileges in the future can be questioned....

The court minutes and the reported comments of the trial court make it quite clear that the legality of the license was in fact considered initially, and prior to the taking of this appeal by the sentencing judge.

The judgment of conviction is thus reversed and the matter remanded to the district court for proceedings consistent with this opinion.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ., concur.