**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42716**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 57** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 1, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CODY SELLERS,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Power County. Hon. Stephen S. Dunn, District Judge.

Judgment of conviction and sentences, <u>affirmed</u>.

Overson & Sheen, PLLC; Darwin Overson, Salt Lake City, Utah, for appellant. Darwin Overson argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

GUTIERREZ, Judge

Cody Sellers appeals from his judgment of conviction and sentences for four counts of felony injury to a child and one count of misdemeanor injury to a child. He raises six issues on appeal. First, Sellers argues the district court erred by reinstructing the jury to consider and return a separate verdict on an omitted element of the charged felony offense. Second, he argues the court erred in entering a misdemeanor conviction on Count III after the jury found him not guilty of the previously omitted felony element on that charge. Third, Sellers contends the State's charges on Counts IV and V violate his right against double jeopardy because they are charges for the same criminal offense. Fourth, he argues the district court erred in denying his motion to strike a biased juror for cause. Fifth, Sellers contends the district court erred by imposing excessive and illegal sentences. Finally, Sellers contends the cumulative error doctrine mandates reversal of his convictions. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Sellers was in a relationship and lived with a woman, A.B., who had a young daughter, N.T. Beginning in February 2012, N.T. began exhibiting behavioral changes and had bruises on her body. Over the course of approximately six weeks, N.T. had several unexplainable seizure-like episodes for which she received medical treatment. The nature of N.T.'s injuries prompted an investigation by the police department into whether her injuries were the result of abuse. Following the investigation, Sellers was charged with five counts of felony injury to a child, Idaho Code § 18-1501(1), with a great bodily injury enhancement on Count V, Idaho Code § 19-2520B.

Prior to trial, Sellers filed a motion to dismiss Count IV or V on double jeopardy grounds, which the court denied. Also before trial, the district court proffered jury instructions and heard objections. Neither party objected to the court's proposed instruction regarding the elements of the felony injury to a child charges. At the close of trial, the court gave the jury instructions for Counts I through V, charged as felony injury to a child, based upon the language in Idaho Criminal Jury Instruction 1243. The jury instructions for each count generally read as follows:

> In order for the defendant to be guilty of . . . Injury to Child, the state must prove each of the following:
> 1. On or about [date];
> 2. in the State of Idaho;
> 3. the Defendant, Cody Sellers;
> 4. wilfully inflicted unjustifiable physical pain or mental suffering on N.T.;[1] and
> 5. N.T. was under 18 years of age.
> If any of the above elements has not been proven beyond a reasonable doubt, you must find the Defendant not guilty. If each of the above elements has been proven beyond a reasonable doubt, then you must find the Defendant guilty.

The jury returned guilty verdicts on Counts I through V using this instruction and then proceeded to deliberate a supplemental verdict to determine whether Sellers was guilty of the enhancement of inflicting great bodily injury upon N.T. based on Count V.

---

[1]    The instruction for Count IV deviated from the other four instructions by replacing element four with "had the care and custody of N.T."; and adding a sixth element, "the Defendant willfully caused the child's person or health to be injured by the act of failing to obtain medical attention."

2

While the jury was deliberating the supplemental verdict, defense counsel brought to the court's attention that the original injury to a child instructions lacked the element "under circumstances or conditions likely to produce great bodily harm or death," as required for a felony conviction under I.C. § 18-1501(1).[2] The district court acknowledged the significance of the omission, electing to halt the jury's consideration of the supplemental verdict and instead instruct the jury to consider a separate instruction containing only the omitted element of the crime. This instruction read:

> Now that you have found the Defendant guilty of Injury to Child in Counts I through V, you must next consider whether the state has proven that such offense occurred under circumstances likely to produce great bodily harm or death to the child. You must indicate on the verdict form whether or not this has been proven beyond a reasonable doubt.

The court provided the jury with a second verdict form for Counts I through V. After deliberating, the jury returned guilty verdicts on Counts I, II, IV, and V, finding Sellers not guilty of the felony element on Count III. The court then returned the supplemental verdict form to the jury along with a modified instruction as to whether Sellers inflicted great bodily injury upon N.T. with regard to Count V. The jury found Sellers guilty of that enhancement.

Upon conclusion of the trial, Sellers moved for a new trial pursuant to Idaho Criminal Rule 34, arguing the court's instruction to the jury on the omitted felony element violated Sellers' constitutional protection against double jeopardy. The court denied Sellers' motion.

At sentencing, the Court imposed the following concurrent sentences: one year for Count III, entered as a misdemeanor; unified sentences of ten years, with five years determinate, for Counts I, II, and IV, entered as felonies; and a unified sentence of twenty-five years, with ten years determinate, for Count V, entered as an enhanced felony. Sellers filed a motion for reconsideration of his sentences under I.C.R. 35, arguing his sentences were excessive. The court denied his motion. Sellers timely appeals.

---

[2]    Idaho Code § 18-1501(1) reads:

> Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health is endangered, is punishable by imprisonment in the county jail not exceeding one (1) year, or in the state prison for not less than one (1) year nor more than ten (10) years.

3

## II.

## ANALYSIS

### A. Jury Instructions

We first address Sellers' contention that it was error for the court to further instruct the jury to consider the omitted element of "under circumstances or conditions likely to produce great bodily harm or death," a necessary element of felony injury to a child under I.C. § 18-1501(1), after the jury had already returned guilty verdicts based upon the original instruction omitting that element. At trial, Sellers did not object to the challenged jury instructions before the jury retired to deliberate. Rather, he brought up the deficiency after the jury returned guilty verdicts on all five counts. The parties agreed that the original instructions, based on Idaho Criminal Jury Instruction 1243, were insufficient for felony convictions, as the instructions did not include the requirement that the conduct occurred "under circumstances or conditions likely to produce great bodily harm or death." However, the parties disagreed as to the appropriate judicial remedy. Defense counsel argued that, as decided, the jury had convicted Sellers of five misdemeanor counts of injury to a child and jeopardy had attached. Over Sellers' objection, the court followed the State's recommendation to submit the omitted element to the jury via a supplemental instruction and request that the jury complete a second verdict form deciding whether each of the five counts of injury to a child occurred "under circumstances or conditions likely to produce great bodily harm or death." After considering the supplemental instruction, the jury returned felony guilty verdicts on Counts I, II, IV, and V.

As a preliminary matter, the State argues that because Sellers did not object to the jury instructions on the basis of the "acquittal-first" rule or the specific language used in the proposed instruction, those issues are not preserved for appellate consideration. Just as with original jury instructions, parties must make precise objections to supplemental instructions to preserve the issue for appellate consideration. I.C.R. 30(b), (c). It is clear from the record that Sellers took issue with the appropriateness of the court's instruction of the jury, both through his opposition to the proffered method of giving a supplemental instruction and through his motion for mistrial after the trial concluded. Therefore, we proceed in addressing Sellers' jury instruction argument as preserved for our consideration.

Sellers' first contention is that the court violated his right to due process when it initially omitted a required element of the felony offense from the jury instructions and then remedied the

4

erroneous instruction by instructing the jury on the omitted element. Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to those facts found. *Id.*

A trial court has broad discretion to supervise, control, and determine the issues the jury is to decide and the manner in which it is to do so. *United States v. Moore*, 376 F.3d 570, 577 (6th Cir. 2004); *United States v. Duvall*, 846 F.2d 966, 977 (5th Cir. 1988). However, a jury instruction violates due process if it fails to give effect to the requirement that the State prove every element of an offense. *State v. Anderson*, 144 Idaho 743, 749, 170 P.3d 886, 892 (2007). A verdict must be definite, certain, and specific as to the identity of the crime to which the defendant has been convicted. *State v. Doolittle*, 58 Idaho 1, 6-7, 68 P.2d 904, 906 (1937). As long as the jury has not been discharged, a court has authority to require additional deliberation where there is uncertainty, contingency, or ambiguity regarding the jury's verdict. *United States v. Rastelli*, 870 F.2d 822, 835 (2d Cir. 1989). In fact, where there is a defect, ambiguity, or gap in the instructions, the trial court has a duty to give such additional instructions on the law as are reasonably necessary to cure the defect. I.C. § 19-2132. The court also has authority to further instruct a jury that has returned a defective verdict. *See, i.e.*, *People v. Jolly*, 722 N.Y.S.2d 583, 584 (N.Y. App. Div. 2001). This authority exists even when the source of the ambiguity or defect arises from a court's previous instruction. *See United States v. Hiland*, 909 F.2d 1114, 1137 (8th Cir. 1990) (holding court had authority to resubmit misbranding counts to the jury where the court had originally failed to ensure the first verdict on those counts was unanimous); *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) (holding a court has power "to correct mistakes made in its handling of a case so long as the court's jurisdiction continues").

Here, Sellers revealed the defect in the original instruction after the jury returned its verdict, but while the jury was still empaneled. Thus, it became the trial court's duty to instruct the jury as to the matters of law necessary for its determination of whether Sellers was guilty of the charged crimes of felony injury to a child. Moreover, it was a question for the jury whether the charged offenses were committed under circumstances or conditions likely to produce great bodily harm or death. *See, i.e.*, *People v. Sargent*, 970 P.2d 409, 419 (Cal. 1999). The court's initial instructions were the source of the uncertainty as to whether the jury's verdict was

5

sufficient to convict Sellers of the charged felonies. The court acted in conformance with the mandate to inform the jury of the applicable law. It properly issued a supplemental instruction on the missing element and utilized a special verdict form to require the still empaneled jury to decide the elevating fact that would resolve the defect in the original verdict. Therefore, Sellers has not shown a violation of his right to due process on this issue.

Sellers next contends that the court erred when it instructed the jury as to the lesser-included offense of misdemeanor injury to a child before having the jury acquit Sellers of the felony offense. We first acknowledge that Sellers is correct in pointing out that Idaho follows the "acquittal first" rule when it comes to instructing the jury on lesser-included offenses. However, his argument misconstrues the nature of the instructions that were given to the jury. Idaho Code § 19-2132(c) requires that, where a court gives an instruction for a lesser-included offense pursuant to I.C. § 19-2132(b), the court must direct the jury to consider the lesser-included offense only after unanimously finding a defendant not guilty of the greater charge. *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993).

Misdemeanor injury to a child, I.C. § 18-1501(2), is properly considered a lesser-included offense of felony injury to a child, I.C. § 18-1501(1). *See State v. Young*, 138 Idaho 370, 373, 64 P.3d 296, 299 (2002). However, neither party requested nor intended the court to give an instruction as to the lesser-included misdemeanor offense pursuant to I.C. § 19-2132. Nor did the court intend to sua sponte instruct the jury as to the lesser-included offense based on the evidence presented. The court gave an erroneous felony instruction--one which both parties acquiesced to being given. Because the erroneous instruction was not given as a lesser-included instruction, the court's further instruction of the jury on the missing element did not conflict with the statutory mandate of I.C. § 19-2132.

Moreover, Sellers does not provide the Court with any authority to support his contention that instructing the jury as to a lesser-included offense before a greater offense violates due process. It is apparent from the record that the case, in all other respects, was prosecuted and presented to the jury as a felony case. Thus, we cannot say it was error for the court to further instruct the jury to continue deliberating and decide the felony element in these circumstances.

Finally, Sellers argues the misstatements in the original instructions, combined with the procedure of instructing the jury further, were apt to confuse the jury. He does not argue the instructions, as a whole, misstate the applicable law. To be reversible error, instructions must

6

have misled the jury or prejudiced the complaining party. *State v. Row*, 131 Idaho 303, 310, 955 P.2d 1082, 1089 (1998). We presume the jury followed the district court's instructions. *State v. Iverson*, 155 Idaho 766, 776, 316 P.3d 682, 692 (Ct. App. 2014).

The relevant inquiry is whether the court's subsequent instructions confused the jury such that they caused reversible error. As evidence of the jury's confusion, Sellers points to the jury's question during its consideration of the supplemental instruction. This instruction read:

> Now that you have found the Defendant guilty of Injury to Child in Counts I through V, you must next consider whether the state has proven that such offense occurred under circumstances or conditions likely to produce great bodily harm or death to the child. You must indicate on the verdict form whether or not this has been proven beyond a reasonable doubt.

The jury then returned the following question:

> Does the statement, "Such offense occurred under circumstances or conditions likely to produce great bodily harm or death to the child" mean what seem to have occurred <u>did produce</u> great bodily harm or death, or in any similar circumstance could that act <u>potentially produce</u> great bodily harm or death?

The court responded to the jury's question with "please refer to the instructions given with this verdict form."

To secure a felony conviction under I.C. § 18-1501(1), the State was required to prove that the offense occurred "under circumstances or conditions likely to produce great bodily harm or death." The jury's question indicates confusion as to whether the State was required to prove that the offense *did produce* great bodily harm or death, a higher burden of proof than what is required by the statute. Even if we were to assume the jury was confused by the instructions, such confusion could not be said to be prejudicial. *See People v. McDonald*, 509 N.Y.S.2d 417, 417 (N.Y. App. Div. 1986) (holding defendant benefited by fact that jury considered element which imposed a higher burden of proof upon the prosecutor). *But see State v. Sohm*, 140 Idaho 458, 461, 95 P.3d 76, 79 (Ct. App. 2004) (holding confusing instruction was prejudicial where it diminished State's burden of proof on element of offense). Because the instructions, when considered in their entirety, adequately represent the applicable law, and because any confusion could not be said to be prejudicial, Sellers has not established reversible error on this issue.

Therefore, we conclude the district court properly instructed the jury on the omitted felony element.

7

**B.     Misdemeanor Conviction on Count III**

We next consider whether the court erred in entering a misdemeanor conviction on Count III after the jury returned a verdict of "not guilty" as to the omitted felony element. During trial, Sellers argued that because the first verdict was based on instructions missing the felony element, the jury had effectively convicted Sellers of five counts of misdemeanor injury to a child. He argued that any additional deliberation of a felony element was violative of his right against double jeopardy. Sellers has since abandoned that argument. Instead, Sellers now argues for the first time on appeal that (1) it was improper for the court to instruct the jury on the lesser-included misdemeanor offense without first determining if the lesser-included offenses were supported by the evidence; and (2) the jury instruction used was insufficient to return a misdemeanor conviction.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Regarding Sellers' argument that the court erred when it effectively instructed the jury sua sponte on the lesser-included misdemeanor offense, Sellers has not established the first prong of the *Perry* analysis. Sellers provides neither argument nor authority to support his contention that the court's instruction violated one or more of his unwaived constitutional rights. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Because Sellers' argument lacks both argument and authority, he has not persuaded this Court that there was a constitutional violation to satisfy the first prong of *Perry*. Therefore, Sellers has waived this issue on appeal.

We next turn to Sellers' argument that the jury's conviction based on I.C.J.I. 1243 was insufficient to return a misdemeanor conviction. Specifically, Sellers argues that the instruction omitted a required element of the misdemeanor offense. It is well established that it is a violation of due process for the defendant to be convicted on instructions that omit an element of the crime. *McKay v. State*, 148 Idaho 567, 571, 225 P.3d 700, 704 (2010).

Idaho Code § 18-1501 provides the elements of felony injury to a child in subsection (1) and misdemeanor injury to child in subsection (2).[3] The statutory language distinguishing a felony offense from a misdemeanor offense is whether the defendant's conduct occurred "*under circumstances or conditions likely to produce great bodily harm or death*," or "*under circumstances or conditions other than those likely to produce great bodily harm or death.*" (Emphasis added.) Sellers argues the statutory language in subsection (2) requires the State to affirmatively prove the defendant's conduct occurred *under circumstances other than those likely to produce great bodily harm or death*. He contends that because I.C.J.I. 1243 does not instruct the jury to specifically find that his conduct occurred *under conditions other than those likely to produce great bodily harm or death*, it omits a necessary element of the misdemeanor crime in violation of his constitutional right of due process.

Sellers correctly observes that I.C.J.I. 1243 does not call attention to the circumstances or conditions under which the defendant's conduct must occur.[4] However, we find no error in this

---

[3]     Idaho Code § 18-1501(2) defines the misdemeanor crime of injury to a child as:

> Any person who, under circumstances or conditions other than those likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of such child to be injured, or willfully causes or permits such child to be placed in such situation that its person or health may be endangered, is guilty of a misdemeanor.

[4]     Idaho Criminal Jury Instruction 1243 provides:

> In order for the defendant to be guilty of Injury to a Child, the state must prove each of the following:
> 1. On or about [date]
> 2. in the state of Idaho
> 3. the defendant [name]
> [4. [wilfully caused or permitted [name of child] to suffer,] [or] [wilfully inflicted on [name of child] unjustifiable physical pain or mental suffering,] and

9

omission. The statutory language "under conditions other than those likely to produce great bodily harm or death" in subsection (2) does not represent a specific element of the misdemeanor offense. Under I.C. § 18-1501, the same conduct is punishable either as a felony or misdemeanor depending upon whether the circumstances or conditions made it *likely* that the child would suffer great bodily harm or death. *Young*, 138 Idaho at 374, 64 P.3d at 300 ("Misdemeanor injury to a child is distinguishable from the felony charge solely by the fact that the misdemeanor charge does not require the actions to be undertaken in circumstances or conditions likely to produce great bodily harm or death."). *See also Sargent*, 970 P.2d at 420 (holding inquiry requires determining if circumstances or conditions likely to produce great bodily harm; if so, punishable as felony; if not, punishable solely as misdemeanor). If the circumstances or conditions made it *likely* that the defendant's conduct would produce great bodily harm or death, the crime is punishable as a felony; if not, the crime is punishable solely as a misdemeanor. *See Young*, 138 Idaho at 374, 64 P.3d at 300; *Sargent*, 970 P.2d at 420.

Thus, while I.C.J.I. 1243 is insufficient for a felony injury to a child instruction because it lacks the elevating element, it is appropriate for a misdemeanor injury to a child charge under I.C. § 18-1501(2). Sellers has not established a constitutional violation, as required under the first prong of *Perry*. Therefore, he has not shown fundamental error on this claim.

## C.  Double Jeopardy

Sellers further argues his convictions for felony injury to a child in Counts IV and V violate the Double Jeopardy Clauses of the Idaho and United States Constitutions. Prior to trial, Sellers moved to dismiss either of the counts. The court denied the motion.

---

       5. [name of child] was under 18 years of age.]
[or]
       [4.  had the care or custody of [name of child]
       5.  who was a child under 18 years of age, and
       6.  the defendant wilfully caused or permitted [the child's person or health to be injured], [or] [the child to be placed in a situation that [may have] endangered the child's person or health].]
       . . . .
       If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

Whether a defendant's prosecution complies with the constitutional protection against being placed in jeopardy twice is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000). The Double Jeopardy Clauses of the United States Constitution and Idaho Constitution both provide that no person shall be twice put in jeopardy for the same offense. They afford a defendant three basic protections--protection against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). It is the third of these protections at issue in this case.

Sellers maintains prosecution on both Counts IV and V is constitutionally improper because it amounts to multiple punishments for the same offense. The two counts at issue are both charges for felony injury to a child under I.C. § 18-1501(1), and both charges stem from Sellers' conduct regarding N.T. on May 4, 2012. Count IV charged Sellers with willfully causing or permitting N.T. to be placed in a situation endangering her health by failing to obtain medical attention. Count V charged Sellers with inflicting unjustifiable physical pain or mental suffering by physical force which caused N.T. to sustain an abusive head injury. Sellers argues that both charges criminalize the same offense. The State contends the conduct upon which the two charges are predicated is sufficiently divisible between infliction of the injury and the subsequent failure to obtain medical care such that Sellers' conduct does not constitute the same offense despite being charged under the same statute.

Double jeopardy may be implicated where a defendant is charged under the same statute for multiple acts against the same victim during the same criminal episode. *State v. Moffat*, 154 Idaho 529, 533, 300 P.3d 61, 65 (Ct. App. 2013). In such a situation, the court must first make a factual inquiry as to whether the defendant's acts were part of a single continuing offense or whether the acts each constitute "separate, distinct, and independent crimes." *State v. Bush*, 131 Idaho 22, 33-34, 951 P.2d 1249, 1260-61 (1997). Determining whether criminal acts are separate or part of a single continuing offense requires consideration of the circumstances of the conduct as well as the intent and objective of the actor. *Id. Compare Bush*, 131 Idaho at 33-34, 951 P.2d at 1260-61 (finding separate offenses where victim was sexually assaulted in different locations and through different means); *State v. Grinolds*, 121 Idaho 673, 675, 827 P.2d 686, 688 (1992) (finding separate offenses where defendant had intercourse with victim, left the room for

11

a brief period of time, then returned and had intercourse a second time); *State v. Moad*, 156 Idaho 654, 661, 330 P.3d 400, 407 (Ct. App 2014) (finding separate offenses where battery was additional brutalization of victim occurring after rape was completed); and *Miller v. State*, 135 Idaho 261, 267, 16 P.3d 937, 943 (Ct. App. 2000) (finding separate offenses where each incident of lewd conduct was separated in time and involved unique circumstances) *with State v. Estes*, 111 Idaho 423, 427, 725 P.2d 128, 132 (1986) (finding single offense where four acts of sexual penetration occurred as part of single rape) and *State v. Major*, 111 Idaho 410, 414, 725 P.2d 115, 119 (1986) (finding single offense where multiple pieces of property were stolen at same time from same individual).

Here, the State brought both charges under the same statutory provision for Sellers' conduct against the same victim on the same day. Thus, whether Sellers' convictions on Counts IV and V implicate a double jeopardy violation turns on whether his conduct on May 4 amounted to separate, distinct, and independent criminal acts.

In *Moffat*, this Court considered whether the defendant's battery and attempted strangulation of his girlfriend constituted a single continuing offense where he grabbed her by the hair, threw her around the room, pushed her into objects and onto the ground, and choked her so that she could not breathe. *Id.* at 534, 300 P.3d at 66. We concluded that the attempt to separate the defendant's multiple acts of violence during the same continuing incident was "an impermissible attempt . . . to divide a single crime into a series of temporal or spatial units to avoid double jeopardy limitations." *Id.*

In contrast, *Moad* illustrates a circumstance where the defendant's acts constituted separate and distinct crimes. *Id.* at 661, 330 P.3d at 407. In a single prosecution, the defendant was convicted for one count of rape and one count of battery, which we held was the same offense for double jeopardy purposes. *Id.* After orally raping the victim, the defendant beat the victim and moved him away from the door and onto a cot where the defendant then continued the battery. *Id.* This Court held that the crimes constituted separate and distinct criminal acts because "[t]he battery was an additional brutalization of the victim that occurred after the rape was completed." *Id.*

Here, Sellers' affirmative act of injuring N.T. was concluded when she suffered the abusive head injury. His subsequent conduct of failing to seek medical treatment for N.T. was a distinct criminal act separated by time, intent, and effect. Based on the video footage taken by

12

Sellers and shown to the jury, it was apparent N.T.'s condition was deteriorating as a result of the initial injury. For over an hour, Sellers failed to seek medical treatment for N.T. as she struggled to breathe at normal intervals. Instead, Sellers recorded four videos documenting her worsening condition. The State's expert testified during trial that N.T.'s breathing pattern reflected a life-threatening condition and placed her at significant risk of brain damage due to oxygen deprivation. Sellers' failure to act placed N.T. in a situation where her health was endangered beyond the scope of her initial injury. Similar to *Moad*, Sellers' failure to seek medical treatment constituted an additional injury after the first injury was already completed. Although Sellers' conduct involved acts against the same victim, on the same day, we are nonetheless persuaded the circumstances of Sellers' conduct rendered the acts sufficiently distinct to support multiple convictions under the same statute. Therefore, the district court did not err in denying Sellers' motion to dismiss.[5]

### D. Jury Selection

The next issue we consider is whether the district court erred in refusing to dismiss certain jurors for cause. Sellers maintains the court abused its discretion by refusing to excuse, for cause, two jurors he contends were biased. He also argues he was deprived of due process of law because he received fewer peremptory challenges than the State after he had to utilize one of his peremptory challenges to cure the court's errors.

A criminal defendant has a constitutional right to trial by an impartial jury. U.S. CONST. amends. V, VI, XIV; IDAHO CONST. art. I, §§ 7, 13. This right is recognized in Idaho Code § 19-1902, and the criminal defendant has the ability to strike potential jurors for cause if actual or implied bias exists. I.C. § 19-2019; *see also* I.C.R. 24(b) (addressing the procedure for voir dire examination and challenging potential jurors for cause). Idaho Code § 19-2019(2) defines bias as "the existence of a state of mind on the part of the juror in reference to the case, or to either of the parties, which in the exercise of a sound discretion on the part of the trier, leads to the inference that he will not act with entire impartiality." When a party uses one of its peremptory

---

[5] Sellers alternatively argues that if Counts IV and V were properly charged, the court nonetheless erred in submitting and sentencing Count IV as a felony based on the evidence before the court. Sellers did not object to this issue at trial and makes no argument as to why this alleged error violates an unwaived constitutional right. *See State v. Perry*, 150 Idaho 209, 226, 245 P.3d 961, 978 (2010). Thus, we decline to address the issue. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

challenges to remove a juror it argues should have been removed for cause, the party must show on appeal that "he was prejudiced by being required to use a peremptory challenge to remove [the juror]." *State v. Ramos*, 119 Idaho 568, 570, 808 P.2d 1313, 1315 (1991). To establish prejudice, the party must show that "an incompetent juror [was] forced upon him." *State v. Ornelas*, 156 Idaho 727, 731, 330 P.3d 1085, 1089 (Ct. App. 2014) (internal citations omitted) (holding an incompetent juror is one that is removable for cause).

To determine if Sellers was prejudiced by having to use a peremptory challenge to remove Juror 20, we must first consider whether an incompetent juror was forced upon him. Sellers argues that Juror 10 was removable for cause. He contends the court's erroneous denial of his challenge to Juror 10 required him to use a peremptory challenge to remove Juror 20. We turn to whether Sellers' motion to strike Juror 10 for cause was properly denied.

The trial court has discretion to determine whether a juror can render a fair and impartial verdict. *State v. Hauser*, 143 Idaho 603, 609, 150 P.3d 296, 302 (Ct. App. 2006). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

A trial court does not abuse its discretion by refusing to excuse a juror for cause where the juror's answers during voir dire initially give rise to a challenge for cause, but the juror's later responses assure the court the juror will be able to remain fair and impartial. *Ornelas*, 156 Idaho at 730, 330 P.3d at 1088. In *Ornelas*, the defendant was charged with various crimes against children. *Id.* During voir dire, a prospective juror indicated it would be difficult for her not to "err on the side of the child" victim because she had daughters and worked with children. *Id.* The prospective juror acknowledged it would be difficult for her to set aside that predisposition, but she was willing to try. *Id.* at 731, 330 P.3d at 1089. When asked by defense counsel if she would want herself to sit on the jury if she were the defendant, she responded, "Probably not." *Id.* The prosecutor then asked her if she could follow the court's instruction and find the defendant not guilty if there was reasonable doubt. *Id.* She answered, "I think so. It would just depend on--how to define reasonable doubt and how much doubt--you know, it's hard

14

to know." *Id.* We held that because the prospective juror ultimately indicated she could follow the court's instruction, the district court did not abuse its discretion by denying defense counsel's challenge for cause. *Id.*

Here, during voir dire, Juror 10 revealed that her daughter and stepson were both abused as children. The court then inquired if she would be able to set those experiences aside for purposes of deciding the case. She responded, "I could try." The court then pressed further:

| Court: | Where the defendant could be innocent, and you could decide that the State has not proved their--not carried their burden. And I need an assurance. I need more than, "I'll try." I need an assurance that that's what you believe-- |
|---|---|
| Juror 10: | I would listen to the evidence on it and-- |
| Court: | And if you felt that he was not guilty, you could find him not guilty? |
| Juror 10: | Yeah. |

The prosecutor then asked Juror 10 if she could wait until after hearing all of the evidence to make a decision as to Sellers' guilt. The juror indicated she could. Defense counsel then posed the following questions:

| Defense: | And when the judge was asking you if you could wait till the end of evidence and make a decision, you said yeah, you could, but. And then I never heard the rest of that thought. |
|---|---|
| Juror 10: | Well, it's just an iffy subject. So I want to be honest. |
| Defense: | How would you have completed that sentence? |
| Juror 10: | Well, I would listen to the evidence, and--I'd listen to the evidence on it. |
| Defense: | Did you have a thought that would follow that? I'd listen to the evidence, but you don't know how fair you could be? |
| Juror 10: | I don't know. Because where I've been through it, I--you know, I--how would I put it? I would think I'd want to be honest with it and listen to everything. But you just--you know, you don't know where you've been through that stuff. |
| Defense: | If you were sitting in [Sellers'] chair, accused of injuring your grandchild-- |
| Juror 10: | I wouldn't want me on the-- |
| Defense: | Would you want you on the jury? |
| Juror 10: | I wouldn't want me. To be honest, I wouldn't want me. |

The prosecutor again asked Juror 10:

15

| | |
|---|---|
| Prosecutor: | I want to just clarify, though, still you could sit and listen to the evidence and make a decision based on the evidence that you hear? |
| Juror 10: | Oh, yeah. |
| Prosecutor: | And we all come in with our own life experiences. We've all come in being a parent and a grandparent. And we're not asking that you ignore your life experiences, because that's part of what serves as the foundation for your common sense and your-- |
| Juror 10: | Yeah. |
| Prosecutor: | --instinct. But what we just want to make sure is that you could listen to the evidence and make a decision, and if the State doesn't meet its burden of proof, that could you find him not guilty. Could you do that? |
| Juror 10: | Yeah. I could do that. |

Sellers moved to excuse Juror 10 for cause, and the court denied the motion. The court acknowledged that although the juror was "a little back and forth," the court would take her at her word that she could be fair and impartial.

Similar to the prospective juror in *Ornelas*, Juror 10 acknowledged that it would be difficult for her to set aside her previous experiences with child abuse. Just as the juror in *Ornelas*, Juror 10 indicated that she would not want herself sitting on the jury if she were the accused. Despite her earlier answers that might have given rise to a challenge for cause, Juror 10 unequivocally assured the court she would listen to the evidence before deciding and that she could find Sellers not guilty if the State did not meet its burden of proof. Just as the court in *Ornelas* did not abuse its discretion in denying the challenge for cause, the court here did not abuse its discretion in denying Sellers' motion to strike Juror 10 for cause.

Because Juror 10 was not removable for cause, she was not an incompetent juror. Accordingly, Sellers has not shown that an incompetent juror was forced upon him, and he cannot be said to have been prejudiced by having used a peremptory challenge to remove Juror 20. *See Ramos*, 119 Idaho at 570, 808 P.2d at 1315 (finding no prejudice where a peremptory is lost but no jurors on the panel were biased).

**E.      Sentences**

Next, we consider whether the district court erred in imposing excessive or illegal sentences. Sellers filed a Rule 35(b) motion, challenging his sentences as excessive, but gave no argument that his sentences were illegal. The court denied the motion.

A claim that a sentence is illegal may not be raised for the first time on appeal without the trial court having had an opportunity to consider the legality of the terms of the sentence. *State v. Howard*, 122 Idaho 9, 10, 830 P.2d 520, 521 (1992); *State v. Hernandez*, 122 Idaho 227, 229, 832 P.2d 1162, 1164 (Ct. App. 1992). Sellers is now arguing, for the first time on appeal, that the district court imposed an illegal sentence on Count III. Because the issue of the illegality of the sentence has yet to be raised before the district court, we will not consider the issue on appeal. We do note, however, that an illegal sentence can be corrected at any time by the district court. I.C.R. 35(a).

We now consider Sellers' contention that the sentences for Counts I, II, IV, and V are excessive in light of the median sentence for similar crimes and in light of the circumstances of the offense and Sellers' history. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Felony injury to a child "is punishable by imprisonment in the county jail not exceeding one (1) year, or in the state prison for not less than one (1) year nor more than ten (10) years." I.C. § 18-1501(1). Infliction of great bodily injury increases the "maximum sentence authorized for the crime for which the person was convicted by twenty (20) years." I.C. § 19-2520B. Here, the court imposed concurrent sentences of ten years, with five years determinate, on Counts I, II, and IV for felony injury to a child. On Count V for felony injury to a child with the

17

enhancement for infliction of great bodily injury, the court imposed a sentence of twenty-five years, with ten years determinate. These sentences are within the statutorily proscribed bounds. In imposing these sentences, the court considered the jury's finding of guilt, mitigating factors such as lack of criminal history and support of family and friends, as well as the relevant sentencing factors. Ultimately, the court concluded "the seriousness of the offense is the overriding factor."

Given the serious nature of the offenses, the need for a deterrent, and protection of society, we conclude the sentences imposed by the district court are not excessive under any reasonable view of the facts. The district court did not abuse its discretion in imposing Sellers' sentences.

## F.    Cumulative Error

Finally, Sellers contends the cumulative error doctrine applies here, necessitating a reversal of his convictions. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Because Sellers has failed to demonstrate a single error, the cumulative error doctrine does not apply.

### III.

### CONCLUSION

Sellers has not shown that the court erred by reinstructing the jury as to the missing felony element because the court acted within its mandate in correcting the initial erroneous instruction. Additionally, Sellers has not shown fundamental error as to his claim that the jury improperly convicted him of a misdemeanor on Count III. Furthermore, Sellers has not shown a double jeopardy violation as to Counts IV and V because the acts underlying the charges were distinct and independent crimes. Also, Sellers has not established a violation of his constitutional right to an impartial jury because he has not shown that an impartial juror sat on the jury. Regarding his sentences, Sellers has not shown that the court imposed excessive sentences, and his argument that the Count III sentence is illegal was not properly preserved for our consideration. As to Sellers' claim the court improperly submitted and sentenced Count IV as a felony, Sellers did not provide argument or authority to support that claim, and thus waived the issue for appellate consideration. Finally, the cumulative error doctrine does not apply

18

because Sellers has not shown any error by the district court. Accordingly, we affirm Sellers' judgment of conviction and sentences for five counts of injury to a child.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.