**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46688**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 16, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOY TAMIKA ANDERSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Judgment of conviction and concurrent, unified sentences of thirty years, with minimum periods of confinement of fifteen years, for two counts of felony injury to child, <u>affirmed</u>.

Robyn Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Joy Tamika Anderson appeals from her judgment of conviction and sentences for two counts of felony injury to child. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Anderson and her three children lived with her half-brother and the victim, W.B. (the half-brother's six-year-old son). Anderson and her half-brother brought W.B. to a pediatric clinic and advised medical professionals there that W.B. was experiencing difficulty breathing, vomiting, and abdominal distention. A pediatrician at the clinic called 911, and W.B. was transferred to a local hospital. Further medical testing revealed not only that W.B. had a lacerated pancreas, but also that he was malnourished and had suffered prior injuries indicative of physical abuse. The

1

pancreatic injury required surgery and could have been fatal. A nurse working with W.B. concluded that he had suffered severe abuse and risked being subjected to additional abuse, neglect, and possibly death if left in Anderson and her half-brother's care. W.B. subsequently told a child abuse specialist that Anderson had caused the pancreatic injury by standing on his abdomen.

Anderson was indicted on one count of injury to a child with a sentencing enhancement for inflicting great bodily injury on W.B. and one count of incest (arising from allegations unrelated to the victim's abuse). Anderson moved to dismiss the indictment and to exclude testimony from the child abuse specialist about W.B.'s statements that Anderson had stepped on his abdomen or otherwise mistreated him. The district court denied both motions. Pursuant to a plea agreement, Anderson entered *Alford*[1] pleas to two counts of injury to a child, I.C. § 18-1510(1), (one for standing on the victim and the other for malnourishing him) both of which were enhanced for causing great bodily injury, I.C. § 19-2520B.[2] Anderson's plea agreement included a term in which she waived her right to appeal. Anderson appeals.

## II.

## STANDARD OF REVIEW

When the validity of a guilty plea is challenged on appeal, we conduct an independent review of the record. *State v. Hawkins*, 115 Idaho 719, 720, 769 P.2d 596, 597 (Ct. App. 1989). If the evidence is conflicting as to the circumstances surrounding the plea, we will accept the trial court's findings of fact supported by substantial evidence. *Id*. at 720-21, 769 P.2d at 597-98. However, we will freely review the trial court's application of constitutional requirements to the facts found. *Id*. at 721, 769 P.2d at 598.

## III.

## ANALYSIS

Anderson argues that her appeal waiver is invalid and her *Alford* pleas did not waive all nonjurisdictional defects and defenses to the charges against her. Consequently, according to

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] In exchange for her *Alford* pleas, the incest charge was dismissed. The State also agreed not to pursue additional charges.

Anderson, this Court can address her arguments that the district court erred in denying her motion to dismiss and motion in limine, that the failure to keep complete transcripts of the hearing on her motion to dismiss violated her right to due process, and that her sentences were improperly enhanced. The State responds that Anderson waived the substantive issues she raises on appeal, with the exception of her sentencing challenge, by both pleading guilty and by waiving her right to appeal as part of her plea agreement. Regarding the sentencing challenge, the State argues that Anderson invited the error she alleges and, alternatively, that her sentences were properly enhanced. We hold that Anderson's *Alford* pleas were valid and, as such, she waived all nonjurisdictional defects and defenses, including her challenges to the denial of her pre-plea motion to dismiss and motion in limine. We also hold that Anderson's sentencing challenge is not properly preserved for appeal.

A.      **Validity of *Alford* Pleas**

Anderson argues that her pleas were invalid because the district court's plea colloquy did not satisfy the requirements of I.C.R. 11(c). In particular, Anderson contends that I.C.R. 11(c) required the district court to advise her that "her guilty pleas would impact her ability to appeal the district court's adverse rulings on the motion in limine and motion to dismiss." Anderson further contends that because she entered her guilty pleas pursuant to *Alford*, she "maintain[ed] her innocence and specifically limit[ed] the admission to the evidence the state appeared ready to present at trial." We first dispose of Anderson's latter argument. It is well-established that an *Alford* plea is the functional equivalent of a guilty plea and will be treated as such. *See State v. Coffin*, 104 Idaho 543, 547-48, 661 P.2d 328, 332-33 (1983) (stating rule that, under *Alford*, a voluntary plea of guilty may be accepted by the court even if defendant maintains innocence); *State v. Magill*, 119 Idaho 218, 219, 804 P.2d 947, 948 (Ct. App. 1991) (holding that an *Alford* plea waived objections to venue). Moreover, during the change of plea hearing, the district court notified Anderson that her *Alford* pleas would be treated like any other guilty plea and accepted the allegations in the indictment as true. Anderson cites no authority that would support the proposition that an *Alford* plea is treated differently for purposes of analyzing its validity. Thus, that Anderson pled guilty pursuant to *Alford* has no bearing on our analysis of her claim that the district court's plea colloquy did not comply with I.C.R. 11(c).

3

Idaho Criminal Rule 11(c) provides that, before accepting a guilty plea, the record of the entire proceeding, including reasonable inferences, must show: (1) the plea is voluntary; (2) the defendant was informed of the direct consequences of the plea, including minimum and maximum penalties; (3) the defendant was advised that a guilty plea waives the right against compelled self-incrimination, the right to a jury trial, and the right to confront witnesses; (4) the defendant was informed of the nature of the charges; and (5) whether any promises were made to the defendant, the nature of any plea agreement, and that the court is not bound by any agreement as to the sentence. I.C.R. 11(c)(1)-(5).[3] At the change of plea hearing, the district court engaged in a lengthy plea colloquy with Anderson, including the advisories required by I.C.R. 11(c). At the conclusion of the colloquy, the district court found Anderson's pleas were knowing, voluntary, and intelligent.

Anderson argues that her *Alford* pleas and admissions were neither knowing nor voluntary because she "did not expressly waive her right to appeal the pre-trial rulings." In other words, Anderson's argument appears to be that, absent an advisory that her guilty pleas waived all nonjurisdictional defects, which would include the court's rulings on her motion to dismiss and motion in limine, her pleas were invalid. Anderson cites no authority to support her assertion that the district court was required to advise her on this point.

It is well-settled that unless the defendant enters a conditional guilty plea, reserving the right to challenge a specified ruling, the defendant's valid guilty plea waives all nonjurisdictional defects. *See Coffin*, 104 Idaho at 545, 661 P.2d at 330. Nothing in the express language of I.C.R. 11(c), or any other provision of I.C.R. 11, requires the district court to advise a defendant of this general waiver principle. If anything, the language of I.C.R. 11 puts the burden on the defendant to identify an adverse ruling she wishes to appeal despite her guilty plea. *See* I.C.R. 11(a)(2) (setting forth requirements of a conditional guilty plea if defendant wants to reserve

---

[3]  Idaho Criminal Rule 11(d) also requires certain advisories, including advising the defendant of an appellate waiver if the court is aware of the waiver. I.C.R. 11(d)(3). Although Anderson's plea agreement included an appellate waiver, we need not address whether the district court was aware of the waiver such that an advisory was required under I.C.R. 11(d)(3) because we can dispose of Anderson's claims under the I.C.R. 11(c) analysis.

4

the right to appeal a specified adverse ruling, which require approval of the court and consent of the prosecuting attorney).

To the extent Anderson is contending that the waiver of the right to appeal nonjurisdictional defects attendant to a guilty plea is a "direct consequence" that the district court should have advised her of pursuant to I.C.R. 11(c)(2), she has cited no authority to support this proposition either. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (requiring a party to support issue on appeal with authority and argument). Moreover, Anderson appears to misunderstand the difference between a natural consequence of an unconditional guilty plea (i.e., the waiver of nonjurisdictional defects) and a direct consequence. In order to qualify as a direct consequence for purposes of I.C.R. 11(c)(2), the consequence must be one that has a definite, immediate, and largely automatic effect on the defendant's range of punishment. *State v. Huffman*, 137 Idaho 886, 887, 55 P.3d 879, 880 (Ct. App. 2002). Anderson has made no effort to explain how the waiver of the ability to appeal nonjurisdictional defects resulting from her unconditional guilty pleas falls within the definition of direct consequence. Thus, we need not address this claim further. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970.

Anderson has failed to show her guilty pleas entered pursuant to *Alford* were invalid. Thus, we need not address Anderson's claims regarding the district court's pretrial rulings.

## B. Sentencing Enhancement

Anderson also argues that her sentence for one of the two counts of injury to a child to which she pled guilty was improperly enhanced.[4] Specifically, Anderson argues that her sentence for the count of injury to a child arising from her conduct in causing the victim's pancreatic injury could not be enhanced under I.C. § 19-2520B(1) because, as pled in the charging document, that

---

[4] Anderson argues in her appellate brief that her "sentence" was improperly enhanced, rather than her "sentences." Although Anderson's appellate brief does not expressly state which of her two sentences she is challenging, the substance of her arguments relate only to the sentence for the count of injury to a child arising from her conduct causing the victim's pancreatic injury, not the count based upon malnourishing the victim. Thus, Anderson ostensibly does not challenge the enhancement of her sentence for the count of injury to a child arising from the child's malnourishment.

count of injury to child contains an element "indistinguishable" from inflicting great bodily injury.[5] We hold that this claim is not preserved.

A claim that a sentence is illegal may not be raised for the first time on appeal without the trial court having had an opportunity to consider the legality of the terms of the sentence. *State v. Sellers*, 161 Idaho 469, 483, 387 P.3d 137, 151 (Ct. App. 2016). Anderson is now arguing, for the first time on appeal, that the district court imposed an enhanced sentence unauthorized by I.C. § 19-2520B(1). That is, Anderson is claiming that her sentence is illegal. Anderson did not raise this issue before the district court during her sentencing or through an I.C.R. 35 motion. Because the district court has not had an opportunity to address Anderson's argument that part of her sentence is illegal, we will not consider it for the first time on appeal.

### III.
### CONCLUSION

Anderson's guilty pleas entered pursuant to *Alford* are valid and, as a consequence of those pleas, she waived any nonjurisdictional defects including the district court's denial of her motion to dismiss and her motion in limine. Additionally, Anderson's sentencing challenge is not preserved for appeal. Anderson's judgment of conviction and sentences for two counts of injury to a child are affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

---

[5] Idaho Code Section 19-2520B(1) authorizes an extended prison sentence for the intentional or reckless infliction of bodily injury during the commission of a felony. However, according the statute's express text, I.C. § 19-2520B(1) does not apply to felonies in which the perpetrator intentionally or recklessly inflicts great bodily injury if "infliction of great bodily injury is an element of the offense of which [the defendant] is found guilty."