# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47566

STATE OF IDAHO, )
        ) Filed: February 23, 2021
      Plaintiff-Respondent, )
        ) Melanie Gagnepain, Clerk
v. )
        ) THIS IS AN UNPUBLISHED
STANLEY CLARK RADFORD, ) OPINION AND SHALL NOT
        ) BE CITED AS AUTHORITY
      Defendant-Appellant. )
        )

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Scott Wayman, District Judge.

Judgment of conviction and sentence for destruction of evidence, judgment affirmed; sentence vacated; and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Stanley Clark Radford appeals from his judgment of conviction and sentence for destruction of evidence, Idaho Code § 18-2603. On appeal, Radford argues his sentence was illegally imposed because it exceeds the statutory limit. Because the district court imposed a sentence for destruction of evidence rather than attempted destruction of evidence as alleged in the information and the district court's sentence exceeds the maximum penalty for attempted destruction of evidence, we vacate the sentence and remand the case for a new sentencing hearing.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Radford with possession of a controlled substance, destruction or concealment of evidence, possession of drug paraphernalia, and resisting or obstructing an officer. At the preliminary hearing, the magistrate court found that Radford attempted to destroy evidence

1

rather than actually destroying evidence and, therefore, it bound Radford over to district court on an attempted destruction of evidence charge instead of a destruction of evidence charge.[1] Radford was also bound over on the other charges, which are not at issue in this appeal. As it relates to this appeal, the State filed an information alleging Radford "attempt[ed] to destroy or conceal evidence" in violation of I.C. § 18-306 and I.C. § 18-2603. Radford entered a not guilty plea.

Pursuant to a plea agreement, Radford pleaded guilty to attempted destruction of evidence and the State dismissed the remaining charges. In his guilty plea advisory form, Radford expressly noted that he was charged with attempted destruction of evidence citing both I.C. § 18-2603 (destruction, alteration or concealment of evidence) and I.C. § 18-306 (punishment for attempts). Further, he indicated that he understood the maximum imprisonment and fine to be "2 1/2 yr" and "$5K" per I.C. § 18-306. At the change of plea hearing, the district court also noted this statutory maximum: "Looking at the statute, it looks like the maximum penalty with the attempted charge are two and a half years and $5,000 fine. Is that counsel's understanding?" Both parties agreed that was the maximum sentence. The district court accepted Radford's guilty plea and set a date for sentencing.

A different judge presided over the sentencing hearing. The State recommended a sentence of five years. Radford addressed the district court and stated: "I believe my maximum penalty is only two and a half years, and [the State is] still at five." As the district court announced sentence, it stated: "I'm going to impose a sentence--the charge you pled guilty to is destruction of evidence." Radford interjected: "Attempted." The district court responded: "Well, that's part of the felony charge. Attempted destruction is the same as destruction of evidence. That's the nature of that charge. It's not an attempt. That's the offense. And that has a maximum penalty of five years, just so you know."

The district court imposed a unified term of incarceration of three years, with one year determinate, and retained jurisdiction. Radford filed a timely notice of appeal. Next, Radford filed a motion for reduction of sentence, pursuant to Idaho Criminal Rule 35, arguing that his continued incarceration was not necessary to protect the public, deter him or others from similar

---

[1] The State's criminal complaint alleged that Radford "did willfully destroy or conceal evidence." Other than by implication, the record does not reflect whether the magistrate court found no probable cause of concealment (attempted or otherwise). Rather, the court minutes from the preliminary hearing and the written order binding Radford over to district court only indicate a finding of "attempted destruction of evidence."

2

crimes, to rehabilitate him, or to punish him. In his motion, Radford conceded that his sentence was not illegal, nor illegally imposed. The district court denied the motion.

## II.

## STANDARD OF REVIEW

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). However, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

## III.

## ANALYSIS

On appeal, Radford argues the district court erred by imposing a three-year sentence because it exceeds the statutory maximum sentence for attempted destruction of evidence. The State asserts Radford's claim is unpreserved because he failed to challenge the legality of his sentence before the district court.

Idaho Criminal Rule 35 permits the trial court to correct an illegal sentence at any time, upon the motion of the prosecution or the defense. *State v. Howard*, 122 Idaho 9, 10, 830 P.2d 520, 521 (1992). However, a claim that a sentence is illegal may not be raised for the first time on appeal without the trial court having had an opportunity to consider the legality of the terms of the sentence. *Id.*; *State v. Hernandez*, 122 Idaho 227, 229, 832 P.2d 1162, 1164 (Ct. App. 1992).

The State contends that Radford failed to challenge the legality of his sentence at the district court during sentencing and in his Rule 35 motion and, therefore, Radford cannot challenge the legality of his sentence now.[2] We disagree. Like in *Howard*, Radford's statements during

---

[2] The State also asserts that Radford's claim is barred by the doctrine of invited error because he conceded the legality of his sentence in his Idaho Criminal Rule 35 motion. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). Radford's concession in his Rule 35 motion did not prompt the district court to impose a three-year sentence, as the Rule 35 motion was filed after sentence was imposed. Accordingly, the invited error doctrine has no bearing on Radford's claim on appeal.

sentencing are sufficient to establish a challenge to the legality of his sentence. *Howard*, 122 Idaho at 10-11, 830 P.2d at 521-22.

In *Howard*, the minutes from sentencing included the notation: "18-4006 I.C. veh manslaughter does not include suspension of license." *Id.* at 10, 830 P.2d at 521. The trial court commented:

> As this Court noted, both when I told you about the maximum penalty for this crime, and as your attorney has very competently commented on it today, the power of this Court to suspend your driving privileges in the future can be questioned . . . .

*Id.* at 10-11, 830 P.2d at 521-22. Based on the court minutes and the comments of the trial court, the Idaho Supreme Court concluded that the appellant had raised the issue of the legality of his sentence before the trial court and, therefore, the issue was properly before the Court on appeal. *Id.*

Here, following the State's recommendation of a five-year sentence, Radford addressed the district court saying he believed the maximum sentence he was subject to was two and one-half years. When the district court indicated it was going to impose a sentence for the charge of destruction of evidence, Radford interjected: "[a]ttempted." The district court responded: "Attempted destruction is the same as destruction of evidence" and imposed a three-year sentence. As in *Howard*, Radford's statements and the district court's comments indicate that the legality of a sentence exceeding two and one-half years for attempted destruction of evidence was considered by the district court. Thus, the issue is properly preserved for our review.

The authorized punishment for destruction of evidence is a maximum fine of ten thousand dollars ($10,000) and a maximum sentence of five (5) years in prison. I.C. § 18-2603. Attempts are governed by I.C. § 18-306, which provides in pertinent part:

> If the offense so attempted is punishable by imprisonment in the state prison for five (5) years or more but for less than life imprisonment, or by imprisonment in the county jail, the person guilty of such attempt is punishable by imprisonment in the state prison, or in the county jail, as the case may be, for a term not exceeding one-half (½) the longest term of imprisonment prescribed upon a conviction of the offense so attempted.

Accordingly, the maximum penalty for attempted destruction of evidence is two and one-half years.

The district court's comments at sentencing indicate that it did not understand the maximum sentence it could impose for the crime of attempted destruction of evidence because the

court believed that destruction of evidence included attempts; therefore, the court believed it could legally impose a sentence of up to five years as authorized by I.C. § 18-2603.[3]  Because the three-year sentence imposed by the district court exceeded the maximum penalty authorized for attempted destruction of evidence, the district court imposed an illegal sentence.  Accordingly, we vacate Radford's sentence and remand the case to the district court for a new sentencing hearing.

## IV.

## CONCLUSION

The district court imposed an illegal sentence when it sentenced Radford to three years for attempted destruction of evidence.  Accordingly, we vacate Radford's sentence, and the case is remanded to the district court for resentencing.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

---

[3]      We need not address whether at sentencing the district court was correct in its view that Idaho Code § 18-2603 includes attempt because the merits of that issue have not been raised or argued on appeal.  Moreover, regardless of the court's belief, it is clear from the record that Radford was bound over on and pled guilty to attempted destruction of evidence and that he was advised at the time of his guilty plea that the maximum penalty was two and one-half years.